I am of opinion the deposition should be read. What is sufficient service of notice in other cases should be deemed so in this. The law supposes in other cases that the notice left at his place (405) of abode actually comes to his knowledge, and proceeds against him upon that supposition. If notice to a juror be left at his place of abode, and he does not attend, he shall be fined, 1779, ch. 6, sec. 6. So of a witness, 1777, ch. 2, sec. 36. Such notice of a declaration in ejectment is sufficient. So of a subpoena in chancery to answer. 1 Harrison, 251. So of a notice in chancery to take depositions, if it be left at the place of abode of the opposite party, the other party may proceed to take his depositions, and they will be good. 2 Harrison, 29. It may indeed sometimes happen that the notice may not actually come to the party's knowledge (see 2 Stra., 1044), and the deposition may be taken exparte. This may be obviated by his moving the court to postpone the cause, upon an affidavit of the notice having not come to his knowledge, till he can have an opportunity of taking the deposition of the same witness himself, and by that means to have the benefit of a cross-examination. It is better to adopt this mode than to require a notice to be personally served, and to throw a temptation in the way of the party to conceal himself; for then as long as he can keep out of the way of personal service he defeats his antagonist of a trial; whereas by allowing a service at the house to be good, he has no such temptation, as a concealment of his person will not hinder the taking of the *Page 319 
deposition, and they will be read when the trial comes on in course unless upon affidavit he can show a fair cause to the court for a continuance. If we require personal notice in all cases, many persons will be tempted to adopt measures to prevent the service of it, and to hinder the course of law by their own dexterity.
The Court differing, the deposition could not be read, and the plaintiff was nonsuited.